# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRION MARQUIS BROWN,<br><br>                Petitioner,<br><br>     v.<br><br>STATE OF ALASKA,<br><br>                Respondent.[1] | Case No. 3:22-cv-200-SLG |

## ORDER OF DISMISSAL

On September 9, 2022, Brion Marquis Brown, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The Court takes judicial notice[2] of Mr. Brown's underlying criminal conviction in *State of Alaska v. Brion Marquis Brown,* Case No. 3KN-18-01552CR and his post-conviction proceedings, *In the Matter of Brion Marquis Brown v. State of Alaska*, Case No. 3KN-21-00178CI.[3]

---

[1] The Court notes that the State of Alaska is not a proper respondent. The proper respondent in a Section 2254 habeas action is the state officer who holds custody of the petitioner; for a prisoner this is usually the prison superintendent or warden. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[3] The Court acknowledges additional criminal cases involving Mr. Brown. However, this petition and the post-conviction proceedings listed above both concern the same underlying conviction in Case No. 3KN-18-01552CR.

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[4] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[5] Upon screening, it plainly appears that Mr. Brown is not entitled to habeas relief pursuant to Section 2254 at this time, and his petition must be dismissed.

## DISCUSSION

Federal district courts may review the judgment of a state court only on the ground that the Petitioner is "in custody in violation of the Constitution or the laws or treaties of the United States."[6] As discussed below, the Court dismisses the Petition without prejudice for lack of subject matter jurisdiction and failure to exhaust state court remedies.

---

[4] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[5] *Id.*

[6] 28 U.S.C. § 2254(a).

Case No. 3:22-cv-00200-SLG, *Brown v. State of Alaska*
Order of Dismissal
Page 2 of 6
Case 3:22-cv-00200-SLG   Document 7   Filed 01/03/23   Page 2 of 6

### I. Subject Matter Jurisdiction

Mr. Brown alleges on or around January 2020,[7] Superior Court Judge Jennifer Wells ordered him to complete "anger management treatment"[8] and undergo a mental health evaluation to further decide proper treatment for mental health concerns.[9] Additionally, he alleges that Judge Wells ordered up to 12 months of residential treatment.[10] He alleges that he is currently incarcerated and claims that Spring Creek Correctional Center is wrongfully denying him housing in a mental health module.[11] Mr. Brown seeks his immediate release with instructions to complete treatment or anger management within a year of release.[12]

While Mr. Brown seeks early release, the Petition fails to identify any federal constitutional violation that might warrant his release from state custody. Hence, the Court lacks subject matter jurisdiction over this case.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C.

---

[7] Docket 1 at 1. The Court takes judicial notice that in *Alaska vs. Brown, Brion,* Case No. 3KN-18-01552CR, Mr. Brown was found guilty of two counts of assaultt after a jury trial. Mr. Brown states that Judge Wells sentenced him to 60 months with 32 months suspended on each count. Docket 5 at 1.

[8] Docket 1 at 5.

[9] Docket 1 at 7.

[10] Docket 5 at 1.

[11] Docket 1 at 8; *see also* Docket 5 at 1.

[12] Docket 1 at 15.

Case No. 3:22-cv-00200-SLG, *Brown v. State of Alaska*
Order of Dismissal
Page 3 of 6
Case 3:22-cv-00200-SLG   Document 7   Filed 01/03/23   Page 3 of 6

§ 1983,[13] the Court declines to do so here, as the Court notes that Mr. Brown is already pursing a Section 1983 action against Mental Health Clinician Tiffany Becker, who works for the Alaska Department of Corrections.[14]

## II. Exhaustion of State Court Remedies

A prisoner that is in custody based on a state court conviction may not pursue a Section 2254 petition prior to exhausting his state court remedies.[15] Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional claims to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[16] To satisfy the "fairly present" requirement, a petitioner must present his federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each state court is alerted to the federal nature of the claim.[17]

In Alaska, this means that federal constitutional claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be presented to the Alaska Court of Appeals, and if the petitioner disagrees with that result, the claim must then be raised in a petition for

---

[13] See *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).

[14] *Brown v. Becker*, Case No. 3:22-cv-00237-SLG.

[15] 28 U.S.C. § 2254(b)(1).

[16] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

[17] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365-66.).

Case No. 3:22-cv-00200-SLG, *Brown v. State of Alaska*
Order of Dismissal
Page 4 of 6
Case 3:22-cv-00200-SLG   Document 7   Filed 01/03/23   Page 4 of 6

hearing to the Alaska Supreme Court.[18] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[19]

By Mr. Brown's own admissions, he has not exhausted his state court remedies.[20] While he did appeal Case No. 3KN-18-01552CR to the Court of Appeals, the appeal was dismissed on June 26, 2020, after Mr. Brown filed a Motion to Dismiss.[21] The case did not proceed to the Alaska Supreme Court. Mr. Brown did file for Post-Conviction Relief in the Superior Court,[22] but he did not appeal to the Alaska Court of Appeals or the Alaska Supreme Court. Because Mr. Brown has not exhausted his state court remedies, his petition under 28 U.S.C. § 2254 cannot proceed at this time in this Court.

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

---

[18] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[19] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[20] Docket 1.

[21] See *Brown, Brion v. State of Alaska,* Case No. A-13599.

[22] *In the Matter of: Brown, Brion vs. State of Alaska,* Case No. 3KN-21-00178CI.

Case No. 3:22-cv-00200-SLG, *Brown v. State of Alaska*
Order of Dismissal
Page 5 of 6
Case 3:22-cv-00200-SLG   Document 7   Filed 01/03/23   Page 5 of 6

2. All pending motions are **DENIED AS MOOT**.

3. A Certificate of Appealability shall not issue.[23]

DATED this 3rd day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00200-SLG, *Brown v. State of Alaska*
Order of Dismissal
Page 6 of 6
Case 3:22-cv-00200-SLG   Document 7   Filed 01/03/23   Page 6 of 6